Mario MIRANDA, Plaintiff–Appellant,

v.

YUMA COUNTY; et al., Defendants–
Appellees.

No. 02–15824.

D.C. No. CV–00–01252–FJM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM **

Mario Miranda appeals pro se the district court's judgment dismissing his civil rights action, which generally alleged various law enforcement officials conspired against him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal pursuant to 28 U.S.C. § 1915(e)(2), *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.

The district court properly dismissed Miranda's conspiracy claim because Miranda failed to allege that he was injured or deprived of a right or privilege. *See Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir.1992).

The district court properly dismissed Miranda's expungement claim because Miranda may not bring an action under section 1983 which collaterally attacks a conviction, *see Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir.2000). This bar applies even where the convicted criminal is no longer in custody. *See Heck v. Humphrey,* 512 U.S. 477, 490 n. 10, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Miranda's remaining contentions are unpersuasive.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

